ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DELTA CONSTRUCTION COMPANY,<br> et al.,<br><br> Petitioners,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL<br> PROTECTION AGENCY, et al.,<br><br> Respondents.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) No. 11-1428 (and<br>) consolidated<br>) cases)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO PETITIONER POP DIESEL'S
<u>MOTION FOR JUDICIAL NOTICE</u>**

The Court should deny Petitioner POP Diesel's motion for judicial notice (Doc. # 1503911). The facts POP Diesel presents are not supported by the evidence POP Diesel submits, nor are they appropriate for judicial notice in a petition for judicial review of a final agency action under the Clean Air Act and the Energy Act, which must be evaluated based on the administrative record before the agency at the time the challenged decision was made.

**LEGAL BACKGROUND**

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). However, judicial notice is not designed to permit the "widespread introduction of substantive evidence at the appellate level, particularly when there has been absolutely no showing of special prejudice or need." *Melong v. Micronesian Claims Commission*, 643 F.2d 10, 12 n.5 (D.C. Cir. 1980). Instead, Rule 201 "is designed to permit judicial recognition of materials such as scientific data or historical fact that, although outside the common knowledge of the community, is nevertheless ascertainable with certainty without resort to cumbersome methods of proof." *Id*.

The standard of review of EPA's and NHTSA's actions is well-established: a reviewing court may reverse any action by the agencies that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," contrary to the Constitution, or in excess of statutory jurisdiction or authority. 42 U.S.C. § 7607(d)(9). The record for judicial review is "exclusively" limited to specific, enumerated materials. *Id*. § 7607(d)(7)(A). *See generally Sierra Club v Costle*, 657 F.2d 298, 391 (D.C. Cir. 1981) ("except in the most unusual circumstances" judicial review is "on the record provided for in the [Clean Air] Act").

Review under the Clean Air Act is "essentially the same" as review under the Administrative Procedure Act's arbitrary and capricious standard. *Ethyl Corp. v. EPA*, 51 F.3d 1053, 1064 (D.C. Cir. 1995); *New York v. EPA*, 413 F.3d 3, 18 (D.C. Cir. (2005). Review is "based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–744 (1985). Likewise, review under the Energy Act is "is limited to determining whether [the regulatory standard] is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Competitive Enter. Inst. v. NHTSA*, 45 F.3d 481, 484 (D.C. Cir. 1995) (quoting 5 U.S.C. § 706(2)(A) and explaining that the court must review "the concrete record before us and [] the conclusions that the agency drew from it").

Consideration of materials that are not in the administrative record would be inconsistent with the arbitrary and capricious standard, where "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The record can be supplemented, but only in exceptional or unusual circumstances, such as deliberate or negligent exclusion of adverse documents, background information to determine whether the agency considered all relevant factors, or such a complete failure to explain its action so as to frustrate judicial review. *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010).

3

Judicial notice under Fed. R. Evid. 201 "is typically an inadequate mechanism for a court to consider extra-record evidence when reviewing an agency action. Because review of an agency decision is limited to the administrative record before the agency at the time of the decision . . . judicial notice of an adjudicative fact not part of the administrative record generally is irrelevant to the court's analysis of the merits." *District Hosp. Partners, L.P. v. Sebelius*, 971 F.Supp.2d 15, 32 n.14 (D.D.C. 2013), *citation to Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) *omitted*.

## ARGUMENT

POP Diesel's petition seeks judicial review of a Clean Air Act and Energy Act rule (which POP Diesel refers to as the Tailpipe Rule) that reduces greenhouse gas emissions from, and improves fuel efficiency of, heavy-duty vehicles and engines. POP Diesel manufactures an add-on fuel system for diesel engines, and a biofuel made from plant oil for use in that system. One of POP Diesel's arguments on the merits is that the challenged rule should have ranked biofuels "according to their comparative value in reducing net lifecycle greenhouse gas emissions." Mot. at 3. In support of this argument, POP seeks judicial notice of two alleged facts. Fact 1 compares the energy used in various steps of the process to convert plant oil into biodiesel. Fact 2 compares lifecycle greenhouse gas emissions associated with

the use of compressed natural gas, with the lifecycle greenhouse gas emissions associated with the use of petroleum diesel.

POP Diesel's Fact 1 states:

> The process of turning 100 percent plant oil into biodiesel consumes approximately the same amount of total energy as is necessary to plant, cultivate, and harvest the plant oil feedstock, extract the oil from it, and transport the oil to the point of processing or sale.

Mot. at 1.  Fact 1 thus purports to state a conclusion regarding the energy required to produce biodiesel from *any* plant oil.  However, POP Diesel fails to supply the Court "the necessary information" to establish this fact.  Fed. R. Evid. 201(c)(2).  POP Diesel submits Exhibit A, which is only a draft document and thus an improper source for a fact that should not be subject to reasonable dispute under Fed. R. Evid. 201.  Furthermore, Exhibit A only considers the energy required to produce biodiesel from jatropha, not plant oil in general.  *See* Exhibit A at 3-1 to 3-2 (one study states that of the total energy used to produce biodiesel from jatropha, 61% is from transesterification and 12% is from cultivation; a second study states that 40% of total energy was consumed during transesterification, and 45% was used for irrigation and fertilizer).

Similarly, Exhibit B only applies to soybean-based biodiesel, not to biodiesel from all plant oils.  In addition, Exhibit B was prepared in 2004, well before the challenged rule was adopted.  POP Diesel states that Exhibit B "came to

5

POP Diesel's attention in 2013" but POP Diesel provides no reason why that should excuse its failure to present this information during the rulemaking.

> POP Diesel's Fact 2 states:
>
> According to the U.S. Environmental Protection Agency's estimates of leakage of methane from natural gas production and delivery infrastructure, this leakage likely presently outweighs the net greenhouse gas savings from using compressed natural gas to fuel and power heavy duty motor vehicle engines, as compared to petroleum diesel fuel.

Mot. at 1-2.  POP Diesel again fails to supply the Court "the necessary information" to establish this fact.  Fed. R. Evid. 201(c)(2).  POP Diesel neglects to include a footnote in the quote it reproduces from Exhibit C, the only support POP Diesel provides for Fact 2.  That footnote reads:

> The CH4 [methane] from operation of a CNG [compressed natural gas] automobile was estimated to be 20 times the value for gasoline vehicles (11), which is approximately 20% of the well-to-pump CH4 leakage on a kg∕mmBtu basis. This assumption deserves much further scrutiny.

By failing to note this qualifier, POP Diesel erroneously implies that Fact 2 can be "accurately and readily determined," Fed. R. Evid. 201(b), when in reality the source itself questions one of the "fact's" assumptions.

Even if POP Diesel's facts were adequately supported, judicial notice of Fact 1 and Fact 2 is not appropriate in a record review case such as this.  Although POP Diesel does not spell out its argument in any detail, it states that the "relevance of Facts 1 and 2 will become apparent upon the Court's considering POP Diesel's issue of the Tailpipe Rule versus a life cycle analysis as

6

a rational way to measure and gauge greenhouse gas emissions." Mot. at 7. POP Diesel thus intends to use these facts to attack the merits of the rule. This does not meet any exception to the general prohibition against supplementing the administrative record, nor does POP Diesel argue that it should. POP Diesel should not be allowed to use Fed. R. Evid. 201 to circumvent the well-established limits on judicial review.

## CONCLUSION

The Court should therefore deny POP Diesel's motion for judicial notice.

Respectfully Submitted,

SAM HIRSCH
Acting Assistant Attorney General

/s/ *Daniel R. Dertke*
Daniel R. Dertke
United States Department of Justice
Environmental & Natural Resources
   Division
P.O. Box 7611
Washington, D.C. 20044
daniel.dertke@usdoj.gov
Tel: 202-514-0994

Dated: August 13, 2014

7

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 13, 2014, a true and correct copy of the foregoing Opposition to Petitioner POP Diesel's Motion for Judicial Notice was served electronically through the ECF system on all registered counsel.

                                                  _/s/ Daniel R. Dertke_ _____
                                                  DANIEL R. DERTKE