ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| DELTA CONSTRUCTION COMPANY, et al., | ) ) ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) ) ) | No. 11-1428 (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) | |
| Respondents. | ) ) | |
| _____ | ) | |

**OPPOSITION TO PETITIONER POP DIESEL'S
MOTION FOR LEAVE TO FILE A CORRECTED OPENING BRIEF**

The Court should deny Petitioner POP Diesel's motion for leave to file a corrected opening brief (Doc. # 1503906). The "corrections" that POP Diesel seeks to make regarding its standing are actually lengthy arguments that should have been presented in its opening brief at the time that brief was filed, and would in effect exceed the court-ordered word limits on opening merits briefs. If the Court were nonetheless to grant POP Diesel's motion, then Respondents request leave to file a supplemental brief in response to POP Diesel's assertions.

## BACKGROUND

POP Diesel's proposed corrections, as described in its Motion and its Notice of Errata (Doc. 1503904), for the most part address the standard of review and seek to correct two citations. Mot. at 2. Far more problematic is POP Diesel's proposed "correction" regarding its standing.

Pursuant to Circuit Rule 28(a)(7), a petitioner's opening brief "must include arguments and evidence establishing the claim of standing" if standing "is not apparent from the administrative record." In a case (such as this one) involving judicial review of a final agency action, the burden of demonstrating standing rests on the petitioner. *Sierra Club v. EPA*, 292 F.3d 895, 899 (D.C. Cir. 2002). The administrative record typically includes the facts relevant to a petitioner's standing, because "the petitioner ordinarily will have participated in the proceedings before the agency." *Id*. The petitioner must "either identify in that record evidence sufficient to support its standing to seek review or ... submit additional evidence to the court of appeals." *Id*. at 899–900. In *Sierra Club*, which Circuit Rule 28(a)(7) explicitly references, the Court goes on to explain that "a petitioner whose standing is not self-evident should establish its standing by the submission of its arguments and any affidavits or other evidence appurtenant thereto at the first appropriate point in the review proceeding." *Id*. at 900.

POP Diesel's petition seeks judicial review of a final rule (which POP Diesel refers to as the Tailpipe Rule) under the Clean Air Act. The rule at issue reduces greenhouse gas emissions from, and improves the fuel efficiency of, new heavy-duty vehicles and engines. The rule's greenhouse gas emission standards apply to model year 2014-2018 engines and vehicles, and the rule's fuel efficiency standards apply to model year 2016-2018 engines and vehicles.

In its opening brief POP Diesel devoted one half of a page to its assertion that it has standing. Pet. Joint Opening Br. at 29-30. POP Diesel did not point to any evidence in the record, nor did it provide any declarations. Instead POP Diesel noted that it manufactures and sells diesel engine equipment which has been approved for installation "on select on-highway diesel engines," and fuel for use in engines with POP Diesel's equipment installed. POP Diesel stated that it is injured by the challenged rule's "lack of recognition . . . for the benefits of POP Diesel's products." *Id*. at 30.

Respondents argued that POP Diesel lacks standing for several reasons: (1) POP Diesel does not itself manufacture heavy-duty diesel engines or vehicles and thus is not regulated by the rule at issue; (2) even if POP Diesel did manufacture such engines or vehicles, the rule exempts small businesses such as POP Diesel; (3) none of POP Diesel's customers are regulated by the rule; (4) there is no evidence that any regulated entities would choose to purchase POP Diesel's

3

products based on the content of the rule; and (5) POP Diesel does not demonstrate that it falls within the zone of interests protected by the Clean Air Act and the Energy Act. Resp. Br. at 25-28. Respondents also explained that POP Diesel's fuel system has never been "approved" by EPA for use on any engine (much less an engine subject to the greenhouse gas standards at issue in this case). *Id*. at 14.

POP Diesel now seeks to add to its opening brief the assertion that it is in fact a regulated entity under the rule at issue. Errata at 3. Although POP Diesel's proposed "correction" would add only 13 words, POP Diesel would also append to its brief a new, 14-page declaration on standing. POP Diesel's motion should be denied.

## ARGUMENT

First, POP Diesel's motion should be denied because it is untimely. This Court's rules and precedents clearly require a petitioner to make its arguments and to provide its affidavits or other evidence in its opening brief. POP Diesel made a standing argument in its original opening brief, but neither cited to any record evidence, nor provided any declarations. POP Diesel now asserts that "evidence exists in the record to support POP Diesel's standing." Mot. at 3. The only evidence POP Diesel points to are a draft and a final emissions testing report POP Diesel commissioned from West Virginia University. Decl. of Claude D. Convisser ¶ 9 (Corrected Final Br., Doc. 1503906 at 89-90). POP Diesel noted

4

that very same evidence in its original opening brief, Pet. Joint Opening Br. at 22 n.12, but chose not to explain how it could demonstrate its standing (which, Respondents believe, it does not). The only reason POP Diesel presents for why it should have a second chance to demonstrate its standing is that it "did not believe that the respondents had grounds for challenging or would seriously contest its standing." Mot. at 4. POP Diesel's obligation is to present all of its arguments and evidence "at the first appropriate point," *Sierra Club*, 292 F.3d at 900, and its litigation strategy to rest on an abbreviated argument in its brief is not a sufficient excuse. POP Diesel thus fails to demonstrate why it could not have made all of its arguments at the required time, when it first filed its opening brief.

Second, POP Diesel's motion should be denied because its proposed "corrections" go far beyond stating as a factual matter what POP Diesel alleges is its injury. Instead, POP Diesel's 14-page declaration contains argument, as well as unfounded insinuations that "the government's lawyers [are] uninformed about the factual matters underlying their arguments concerning standing." Decl. of Claude D. Convisser ¶ 11. POP Diesel's declaration is thus little more than a means of evading the Court's 18,000-word limit word limit on merits briefs (of which Petitioners used 17,916 in their joint opening brief).

For example, POP Diesel's declaration asserts that if the federal government's lawyers "had asked for or received the full information" about the

5

facts recited in the declaration, then Respondents would not question POP Diesel's standing. *Id.* Respondents are well aware of POP Diesel's assertions, and Respondents believe that POP Diesel is mistaken both on the law and on the law's application to POP Diesel. However, the proper procedural vehicle for addressing POP Diesel's assertions is not, as POP Diesel proposes, "corrected" opening briefs from Petitioners and from Respondents. Instead, if Court were to accept POP Diesel's new declaration, the Court should give Respondents the opportunity to file a supplemental brief, limited to standing. *See, e.g., Americans for Safe Access v. Drug Enforcement Admin.*, 706 F.3d 438, 445 (D.C. Cir. 2013) (if "a party advances plausible arguments and offers concrete evidence in support of standing in its opening brief, reasonably assuming that nothing more is necessary, and the members of the panel still have questions," the panel may "seek supplemental submissions on standing"). *But see id.* at 460 n.9 (cautioning against allowing supplemental briefing in any case other than where a party reasonably but mistakenly believes its standing was *self-evident*) (Henderson, J., dissenting). Respondents are prepared to explain in a supplemental brief why POP Diesel's assertions are incorrect.

## CONCLUSION

The Court should deny POP Diesel's motion for leave to file a corrected opening brief. If the Court were to grant POP Diesel's motion, Respondents

6

request leave to file a supplement brief responding to POP Diesel's allegations regarding standing.

                Respectfully Submitted,

                SAM HIRSCH
                Acting Assistant Attorney General

                /s/ *Daniel R. Dertke*
                Daniel R. Dertke
                United States Department of Justice
                Environmental & Natural Resources
                    Division
                P.O. Box 7611
                Washington, D.C. 20044
                daniel.dertke@usdoj.gov
                Tel:  202-514-0994

Dated:  August 13, 2014

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 13, 2014, a true and correct copy of the foregoing Opposition to Petitioner POP Diesel's Motion for Leave to File a Corrected Opening Brief was served electronically through the ECF system on all registered counsel.

                                        _/s/ Daniel R. Dertke_ _____
                                      DANIEL R. DERTKE