ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DELTA CONSTRUCTION COMPANY, ET AL., )<br><br>Petitioner, )<br><br>v. )<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL., )<br><br>Respondents. ) | Case No. 11-1428<br>(and consolidated cases) |

**PETITIONER POP DIESEL'S REPLY TO THE OPPOSITION
TO ITS MOTION FOR LEAVE
TO FILE A CORRECTED OPENING BRIEF**

Petitioner Plant Oil Powered Diesel Fuel Systems, Inc. ("POP Diesel"), by its General Counsel, states in reply to the opposition (Doc. 1507439) to its motion for leave to file the Corrected Joint Opening Brief of Petitioners Delta Construction Company, Inc., et al., and Plant Oil Powered Diesel Fuel Systems, Inc., submitted therewith ("POP Diesel's motion," Doc. 1504426), and for leave to allow respondents the U.S. Environmental Protection Agency ("EPA") and the U.S. Department of Transportation ("DOT") (together "the government") to file a Corrected Response Brief by September 3, 2014 or later, as follows:

The government principally objects to the part of POP Diesel's motion seeking leave to file a supplemental declaration in support of standing ("supplemental declaration"), a draft of which POP Diesel appended to the end of the proposed Corrected Joint Opening Brief, at 84. Given that POP Diesel would add only thirteen words to its original standing section in the Corrected Joint Opening Brief, yet POP Diesel's draft supplemental declaration is fourteen pages long, the government argues that "POP Diesel's declaration is [] little more than a means of evading the Court's 18,000-word limit on" the Joint Opening Brief.

If the Court grants POP Diesel leave to file this supplemental declaration, the government, citing *Americans for Safe Access v. Drug Enforcement Administration*, requests leave to file a supplemental brief. 706 F.3d 438, 445 (D.C. Cir. 2013). POP Diesel does not object to the government's request. If the Court grants POP Diesel's motion and the government's request, POP Diesel asks for a minimum of 30 days after the government files any supplemental brief to prepare and submit its portion of the petitioners' Reply Brief. The Court has already granted co-petitioners Delta Construction Company, et al., a 90 day extension of time to prepare their portion of the Reply Brief. The petitioners' Joint Reply Brief is currently due to be filed on November 3, 2014.

REPLY ARGUMENT

This Court's decision in *Americans for Safe Access*, on which the government relies, in fact seems to be dispositive of POP Diesel's motion in its favor, considering either the Court's decision or the dissenting opinion thereto. 706 F.3d 438.

The language of Circuit Rule 28(a)(7) requiring the petitioner's opening brief to "set forth the basis for the claim of standing[ w]hen the [] petitioner's standing is not apparent from the administrative record" is "hardly free from ambiguity because what may be 'apparent from the administrative record' to one reasonable person may seem less clear to another," especially given "the admonition in Sierra Club cautioning advocates to submit only 'a *concise* recitation of the basis [for standing].'" 706 F.3d at 445 (emphasis supplied) (cite omitted).

On direct review of agency action, this Court has an "obligation []to determine whether the requirements of Article III have been met," 706 F.3d at 445, which makes it "'prudent' for the court to seek supplemental submissions where there [i]s a question about standing." 706 F.3d at 443 (cite omitted). A question about standing warranting supplemental filings arises if a petitioner "reasonably,

but mistakenly, believed that the initial filings before the court had sufficiently demonstrated standing." 706 F.3d at 443.

POP Diesel believed it was behaving reasonably when it included a single paragraph addressing standing in the petitioners' Joint Opening Brief. As implied in POP Diesel's motion, at 4, and the draft supplemental declaration, at paragraph 11, POP Diesel believed that, given that it is a manufacturer of government-approved, clean alternative fuel engine equipment regulated under the Clean Air Act,[1] its standing was self-evident. *See Americans for Safe Access*, 706 F.3d at 460 n.9 (cautioning against allowing supplemental briefing in any case other than where a party reasonably but mistakenly believes its standing was *self-evident*) (Henderson, J., dissenting). Apparently, the government believes otherwise.

In this instance, POP Diesel seeks pro-actively to address during the lull in briefing occasioned by the medical recovery of co-petitioners' lead counsel any shortfall in its burden of production regarding standing in the petitioners' Joint

---

[1] *See, e.g.*, EPA On-road Vehicles and Engines, Clean Alternative Fuel Conversion web page, Outside Useful Life database as of March 26, 2014 (POP Diesel's Supplemental Appendix, Volume 1 (Doc. 1486925), at 266, 273) (last page shows EPA approval for "Plant Oil Powered Diesel Fuel Systems, Inc."). Approval by DOT's National Highway Transportation Safety Administration was a predicate part of EPA approval.

Opening Brief.  POP Diesel believes that this Court will find that it has standing, if the parties have an opportunity to frame the issue more clearly.

                                                    Respectfully submitted,

                                                    Petitioner Plant Oil Powered
Diesel Fuel Systems, Inc.,
by its General Counsel

      / s / *Claude D. Convisser*
Claude D. Convisser
President & General Counsel
Plant Oil Powered Diesel Fuel Systems, Inc.
P.O. Box 6397
Santa Fe, New Mexico 87502
tel. 505-310-3840
fax 866-239-7527
cdc@popdiesel.com

## CERTIFICATE OF SERVICE

I certify that on this 25th day of August, 2014, I caused this document to be served electronically by the Court's CM/ECF system on all counsel of record in this and the consolidated cases and that within two days, I will serve an original, signed in pen, and four paper copies by first class, U.S. mail, postage prepaid, on the Clerk of this Court.

          / s / *Claude D. Convisser*
          Claude D. Convisser