<u>ORAL ARGUMENT NOT YET SCHEDULED</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 11-1428 (Consolidated with 11-1441 and 12-1427)

---

**DELTA CONSTRUCTION COMPANY, INC., et al.,**

Petitioners,

**v.**

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,**

Respondent.

---

On Petition for Review of Final Agency Actions of
the U.S. Environmental Protection Agency and the
U.S. Department of Transportation

**BRIEF OF MOVANT-INTERVENOR STATES OF
CALIFORNIA, ILLINOIS, IOWA, MARYLAND,
MASSACHUSETTS, NEW YORK, OREGON,
VERMONT, AND WASHINGTON
AND THE CITY OF NEW YORK**

KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
Senior Assistant Attorney General

ANNADEL A. ALMENDRAS
Supervising Deputy Attorney General
M. ELAINE MECKENSTOCK
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-0550
Telephone: (510) 622-4450
Fax: (510) 622-2272
Email:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Movant-Intervenor State of
California by and through the California
Air Resources Board
(Additional Counsel on Signature Pages)*

# CERTIFICATE
## AS TO PARTIES, RULINGS, AND RELATED CASES

### A.   Parties and *Amici*

All parties, intervenors, and *amici* appearing in this Court are listed in

the Petitioners' Joint Opening Brief.

### B.   Rulings Under Review

References to the rulings at issue appear in the Opening Brief of

Respondents.

### C.   Related Cases

We are unaware of any related cases.

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
Senior Assistant Attorney General

*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
Deputy Attorney General
*Attorneys for Movant-Intervenor State of*
*California by and through the California Air*
*Resources Board*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................ ii

GLOSSARY ........................................................................... v

STATUTES AND REGULATIONS.............................................. v

INTRODUCTION ................................................................... 1

SUMMARY OF ARGUMENT .................................................... 2

ARGUMENT ......................................................................... 3

I.    The States' Motion To Intervene Should Be Granted As To All Petitions Concerning The Truck Rule ........................... 3

    A.    The States' Motion To Intervene Was Timely Under Federal Rule Of Appellate Procedure 15(d) And Circuit Rule 15(b) .................................................... 3

    B.    The States' Interests In The Truck Rule More Than Suffice For Intervention................................................. 7

II.    The Delta Petitioners Lack Standing To Challenge The Truck Rule Because They Have Not Established That Any Alleged Injury Can Be Redressed By The Court............ 10

    A.    California's Adoption Of EPA's Greenhouse Gas Emission Standards For Medium- And Heavy-Duty Vehicles And Engines Is Imminent ...................... 10

    B.    Vacating EPA's Truck Rule Will Not Redress Delta's Alleged Injuries................................................ 12

III.    Delta's Claim Of Procedural Error Fails ............................... 13

    A.    Review By The Office Of Management & Budget Under Executive Order 12866 Is Not "Formal Review" Under The Science Advisory Board Statute ........................................................................ 13

    B.    Petitioners Cannot Meet The Applicable Standard For This Alleged Procedural Error ................................ 16

CONCLUSION....................................................................... 18

i

## TABLE OF AUTHORITIES

**Page**

C<span>ASES</span>

*American Petroleum Inst. v. Costle,
    665 F.2d 1176 (D.C. Cir. 1981)..................................................... 16, 17

Bd. of Cnty Com'rs of Kay Cnty, Oklahoma v. F.H.A.,
    754 F.3d 1025 (D.C. Cir. 2014)............................................................ 4

Chamber of Commerce of U.S. v. EPA,
    642 F.3d 192 (D.C. Cir. 2011)............................................................ 12

City of Tacoma, Wash. v. F.E.R.C.,
    331 F.3d 106 (D.C. Cir. 2003)............................................................ 4

*Coalition for Responsible Regulation v. EPA,
    684 F.3d 102 (D.C. Cir. 2012)...................................................... 9, 16

Fabi Const. Co., Inc. v. Secretary of Labor,
    508 F.3d 1077 (D.C. Cir. 2007)........................................................ 4

Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.,
    528 U.S. 167 (2000)......................................................................... 10

Fund for Animals, Inc. v. Norton,
    322 F.3d 728 (D.C. Cir. 2003)........................................................ 7

Johnson v. United States,
    559 U.S. 133 (2010)......................................................................... 14

Massachusetts v. EPA,
    549 U.S. 497 (2007)................................................................. 7, 8, 9

Medical Protective Co. v. Pang,
    740 F.3d 1279 (9th Cir. 2013) ........................................................ 5

*Authorities upon which we chiefly rely are marked with asterisks.

# TABLE OF AUTHORITIES
## (continued)

**Page**

*NRDC v. Costle*,
    561 F.2d 904 (D.C. Cir. 1977)............................................................. 8

*Parson Steel, Inc. v. First Alabama Bank*,
    474 U.S. 518 (1986)........................................................................ 17

*Public Citizen v. Carlin*,
    184 F.3d 900 (D.C. Cir. 1999)............................................................ 4

*Southeastern Legal Foundation v. EPA*,
    No. 10-1131 (D.C. Cir. Sept. 13, 2010) ............................................. 6

*TC Ravenswood, LLC v. F.E.R.C.*,
    741 F.3d 112 (D.C. Cir. 2013)........................................................... 5

*Trbovich v. United Mine Workers of America*,
    404 U.S. 528 (1972)......................................................................... 9


STATUTES

28 U.S.C. § 2071(a) ............................................................................. 6

42 U.S.C. § 4365(a) ........................................................................... 14

*42 U.S.C. § 4365(c)(1)............................................................. 13, 14, 15

42 U.S.C. § 4365(c)(2)................................................................... 15, 18

42 U.S.C. § 7507................................................................................ 1, 8

42 U.S.C. § 7543(b) ............................................................................. 1

*42 U.S.C. § 7607(d)(8) .................................................................. 16, 18

# TABLE OF AUTHORITIES
## (continued)

Page

**RULES**

FRAP 3(b) ................................................................................. 5

FRAP 15(d) ....................................................................... 3, 5, 7

FRAP 20 ................................................................................... 5

*D.C. Circuit Rule 15(b) ................................................... 4, 5, 6


**OTHER AUTHORITIES**

58 Fed. Reg. 51,735 (Sept. 30, 1993) ................................... 15

74 Fed. Reg. 66,496 (Dec. 15, 2009) ...................................... 8

76 Fed. Reg. 57,106 (Sept. 15, 2011) ..................................... 1

Black's Law Dictionary (9th ed. 2009) ................................. 14

iv

## GLOSSARY

ARB          California Air Resources Board

EPA          U.S. Environmental Protection Agency

FRAP         Federal Rules of Appellate Procedure

NHTSA        National Highway Traffic Safety Administration

OMB          Office of Management and Budget

## STATUTES AND REGULATIONS

All applicable statutes and regulatory materials are contained in

Respondents' Addendum to Opening Brief.

**INTRODUCTION**

The States of California, Illinois, Iowa, Maryland, Massachusetts, New York, Oregon, Vermont, and Washington and the City of New York (collectively, "States") support the agency action challenged in these consolidated petitions—the Truck Rule adopted by the U.S. Environmental Protection Agency ("EPA") and the National Highway Traffic Safety Administration ("NHTSA").  *See* 76 Fed. Reg. 57,106 (Sept. 15, 2011).

The States support the continued implementation of the Truck Rule, as is and without delay, because the rule will significantly reduce greenhouse gas emissions from the transportation sector, one of the largest contributors to those emissions.  The States also support the Truck Rule as a strong national standard, although the Clean Air Act also provides for a two-standard alternative wherein California may adopt its own standard and other qualifying States may then adopt California's standard or follow the national standard.  *See* 42 U.S.C. §§ 7543(b), 7507.  As a strong national standard, the Truck Rule can achieve greater emissions reductions, places similar responsibilities for reductions on everyone, and eliminates the resource drain (and implementation delays) associated with state-by-state rulemakings.

1

Because of these substantial interests in the Truck Rule, the States moved to intervene on EPA and NHTSA's side in all petitions challenging the rule. Doc. 1347690.[1] Delta Construction, et al. (collectively "Delta"), petitioners in No. 11-1428, opposed the States' intervention, arguing that the States' motion was untimely. Doc. 1350211. This was the only objection to the States' intervention. This Court referred the States' intervention motion to the merits panel and ordered the States to "address in their briefs the issues presented in the motions to intervene rather than incorporate those arguments by reference." Doc. 1366117. Accordingly, herein, the States re-assert their motion to intervene, respond to Delta's opposition to that motion, and offer arguments in support of the Truck Rule that supplement, rather than repeat, arguments made by EPA and NHTSA.

## SUMMARY OF ARGUMENT

The States assert three primary arguments. First, the States' motion to intervene should be granted with respect to all petitions involving the Truck Rule because the States complied with the procedural requirements for such a motion and have substantial interests in the Truck Rule. Second, the Delta Petitioners lack standing to challenge the Truck Rule because they will be

---

[1] Citations to "Doc." refer to the numbers in this Court's docket for the lead case (11-1428).

subject to virtually identical regulatory requirements, under California law, even if this Court were to invalidate the Truck Rule.  Third, EPA was not required to make the Truck Rule available to the Science Advisory Board simply because EPA provided its proposed rule to the Office of Management and Budget, and, in any event, Petitioners' allegations do not meet the applicable standard of review for judicial intervention.

## ARGUMENT

### I.    THE STATES' MOTION TO INTERVENE SHOULD BE GRANTED AS TO ALL PETITIONS CONCERNING THE TRUCK RULE

#### A.    The States' Motion To Intervene Was Timely Under Federal Rule Of Appellate Procedure 15(d) And Circuit Rule 15(b)

Five petitions for review of the Truck Rule were filed with this Court. Delta's petition (No. 11-1428) was filed on November 4, 2011.  The other four petitions (Nos. 11-1438, 11-1439, 11-1440, and 11-1441) were filed on November 14, 2011.[2]  The States' motion to intervene, filed on December 14, 2011, was unquestionably timely as to the four petitions filed on November 14, 2011.  *See* FRAP 15(d).  No one asserts otherwise.  *See* Joint Opening Brief of Petitioners ("Pet. Br.") at 50-52.  Thus, the States filed "[a]

---

[2] Petitions 11-1438, 11-1439 and 11-1440 were later voluntarily dismissed.

3

motion to intervene in a case before this court concerning direct review" of the Truck Rule.  *See* Circuit Rule 15(b).  Under Circuit Rule 15(b), the States' motion should be "deemed a motion to intervene in all cases before this court involving [the Truck Rule]," including Delta's case.  *See id*.

Delta's arguments to the contrary cannot be reconciled with the plain text of Circuit Rule 15(b).  The word "all" cannot be read out of the rule. *See, e.g.*, *Public Citizen v. Carlin*, 184 F.3d 900, 904 (D.C. Cir. 1999).  And "all cases before this court involving the same agency action or order" means, here, *all* cases involving the Truck Rule, including Delta's case.  *See Bd. of Cnty Com'rs of Kay Cnty, Oklahoma v F.H.A.*, 754 F.3d 1025, 1029 (D.C. Cir. 2014) ("[A]ll taxation clearly encompasses *all* taxation."). Further, Circuit Rule 15(b)'s use of the phrase "including later filed cases" to confirm that later filed cases are encompassed by the phrase "all cases" does not exclude earlier filed cases.  "It is hornbook law that the use of the word 'including' indicates that the specified list … is illustrative, not exclusive." *Fabi Const. Co., Inc. v. Secretary of Labor*, 508 F.3d 1077, 1086 (D.C. Cir. 2007); *see also City of Tacoma, Wash. v. F.E.R.C.*, 331 F.3d 106, 114 n.11 (D.C. Cir. 2003).  Delta's attempt to exclude its case from "all cases before this court involving [the Truck Rule]" fails.  *See* Circuit Rule 15(b).

Notably, Delta never mentions Circuit Rule 15(b) in its opposition to the States' intervention, implicitly conceding that this rule precludes Petitioners' arguments. *See* Pet. Br. at 50-52. Having failed to mention Circuit Rule 15(b) in their opening brief, Delta has forfeited arguments about that rule, and this Court should disregard any such arguments made, for the first time, in Delta's reply. *See, e.g.*, *TC Ravenswood, LLC v. F.E.R.C.*, 741 F.3d 112, 117 (D.C. Cir. 2013).

Delta's reliance on Federal Rule of Appellate Procedure ("FRAP") 15(d) as a bar to the States' intervention is misplaced. *See* Pet. Br. at 52. FRAP 15(d) is silent as to the procedures governing multiple challenges to the same agency order and to the consolidation of such challenges—circumstances that this Court routinely confronts. The remaining Federal Rules of Appellate Procedure do not address these circumstances. In fact, under FRAP 20, the standard consolidation procedures provided in FRAP 3 do not apply to petitions seeking review of agency orders. *See* FRAP 20; *see also* FRAP 3(b). Circuit Rule 15(b) fills this gap in the federal rules concerning consolidated challenges involving the same agency action and does not create inconsistency. *See Medical Protective Co. v. Pang*, 740 F.3d 1279, 1282 (9th Cir. 2013) (holding local rule concerning settled cases was not inconsistent with federal rule concerning cases with prevailing parties).

5

This Court has the discretion and authority to "prescribe rules for the conduct of [its] business." 28 U.S.C. § 2071(a). Circuit Rule 15(b) governs the conduct of this Court's unique "business"—namely the handling of multiple petitions seeking review of the same agency action. The rule creates efficiencies by reducing the number of motions that prospective intervenors must file (and that this Court must consider) and by simplifying the determination of which intervenors are parties in which cases. Circuit Rule 15(b) is consistent with both the federal rules and with this Court's authority to adopt local rules to govern its business.

Finally, the States' intervention will not prejudice Delta, and Petitioners do not argue otherwise. *See* Pet. Br. at 50-52. While there might have been nine days when Delta believed no one intended to intervene in its particular case, Delta has known the States intended to intervene in all challenges to the Truck Rule since December 14, 2011— a date almost two and a half years before Delta filed its opening brief.

This Court should follow the plain language of Circuit Rule 15(b), as it has in prior cases, and deem the States' motion to intervene applicable to all cases involving the Truck Rule. *See, e.g.*, Order Granting Motion for Leave to Intervene, *Southeastern Legal Foundation v. EPA*, No. 10-1131 (D.C. Cir. Sept. 13, 2010) (granting several states' July 22, 2010 motion for leave to

6

intervene in consolidated challenges to EPA's Tailoring Rule, including the
lead challenge filed on June 3, 2010) (Doc. No. 1265460).

### B.    The States' Interests In The Truck Rule More Than Suffice For Intervention

The substantive basis of the States' intervention motion has not been
challenged.  *See* Pet. Br. at 50-52.  However, because this Court ordered the
parties "to address in their briefs the issues presented in the motions to
intervene rather than incorporate those arguments by reference," Doc.
1366117, the States provide herein "a concise statement of the[ir] interests
… and the grounds for intervention," FRAP 15(d).

The States seek to intervene in support of the Truck Rule because the
invalidation, delay, or weakening of the Truck Rule would result in greater
greenhouse gas emissions and greater harms to the States' citizens and the
States' property.  This suffices to establish standing and to permit the States'
intervention here.  *See Massachusetts v. EPA*, 549 U.S. 497, 518-20 (2007);
*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731-32 (D.C. Cir. 2003)
(discussing relationship between standing and intervention as of right).

As the Supreme Court has recognized, States have "special position[s]
and interest[s]" with respect to national regulation of greenhouse gas
emissions.  *Massachusetts*, 549 U.S. at 518; *see also id.* at 520, 523-24.

7

Those special interests stem from the threats greenhouse gas emissions pose to water supplies, public health, coastal territory and infrastructure, and other important sovereign interests, as well as the anticipated remediation costs those harms will impose on States. *Id.* at 521-23; *see also* 74 Fed. Reg. 66,496, 66,516-66,536 (Dec. 15, 2009). The States are already experiencing these harms. The States' concrete interests in minimizing those harms, now and in the future, would be implicated by the invalidation, delay, or weakening of the Truck Rule because of the resulting increase in greenhouse gas emissions.

The States also have an interest in this strong national Truck Rule. A robust federal program ensures that all States contribute to the necessary efforts to reduce the greenhouse gas emissions that are causing climate change. A single, strong national standard also alleviates the rulemaking (and potential litigation) burdens on States that would otherwise adopt state regulations to match California's (as permitted by 42 U.S.C. § 7507).[3] *Cf. NRDC v. Costle*, 561 F.2d 904, 911 (D.C. Cir. 1977) (reversing denial of motion to intervene under FRCP 24(a)(2) where movants' "involvement

---

[3] These benefits of a single national standard also support remand without vacatur in the event that this Court finds that the agencies erred in adopting the Truck Rule. *See also* Opening Brief for Respondents ("Res. Br.") at 77-78.

8

may lessen the need for future litigation to protect their interests"). These are virtually identical interests to those articulated in support of intervention in challenges to EPA and NHTSA's light-duty vehicle rule ("the Tailpipe Rule")—cases in which this Court granted the States' motion to intervene. *See Coalition for Responsible Regulation v. EPA*, 684 F.3d 102 (D.C. Cir. 2012).

Finally, although the States support the federal actions here, the federal agencies may not adequately represent the States' independent, sovereign interests. Indeed, the federal government's and the States' interests are not always aligned, as is evident from *Massachusetts v. EPA* itself. EPA and NHTSA could, for example, seek to settle or resolve this case in ways that might be adverse to the States' interests. The fact that the federal agencies' representation of the States' interests "may be inadequate" further supports granting this motion. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972).

In sum, the States' motion to intervene should be deemed applicable to all challenges to the Truck Rule, and that motion should be granted.

///

///

9

## II. THE DELTA PETITIONERS LACK STANDING TO CHALLENGE THE TRUCK RULE BECAUSE THEY HAVE NOT ESTABLISHED THAT ANY ALLEGED INJURY CAN BE REDRESSED BY THE COURT

The Delta Petitioners lack standing because they cannot show that their alleged injuries are "likely [to] be redressed by a favorable decision" invalidating the Truck Rule.  *See Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)); *see also* Res. Br. at 35-36.  As EPA and NHTSA note, as California businesses, the Delta Petitioners are all California businesses and are subject to California standards as well as federal standards.  California is in the process of finalizing its own truck rule that mirrors the federal one challenged here.  Once California's truck rule become legally effective (as is expected to occur later this month), Delta will be obligated to comply with virtually identical requirements under both federal and state law.  Thus, even if this Court invalidated the Truck Rule, that action would change virtually nothing about the regulatory standards applicable to these Petitioners.

### A. California's Adoption Of EPA's Greenhouse Gas Emission Standards For Medium- And Heavy-Duty Vehicles And Engines Is Imminent

On December 12, 2013, the California Air Resources Board ("ARB") held a public hearing to consider the adoption of five separate but related

10

regulatory actions intended to control emissions, including greenhouse gas emissions, from on-road medium- and heavy-duty vehicles and engines. *See* Respondents' Addendum to Opening Brief (Doc. 1495723) ("Resp. ADD") at 175 (ARB Resolution). At that hearing, ARB advanced the formal process of aligning California's greenhouse gas emission standards for trucks with the federal standards included in the Truck Rule challenged here. ARB anticipates completing that formal process later this month (October 2014).

California's regulation will establish greenhouse gas emission standards for medium- and heavy-duty engines and vehicles sold in California with model years of 2014 and later. The proposed standards are identical to the greenhouse gas emission standards established by the Truck Rule, and the California regulation would provide manufacturers the option of complying with the state's regulation by demonstrating compliance with the Truck Rule.

The California regulation mirrors the Truck Rule in other ways as well. For example, the Truck Rule provides regulated entities a variety of compliance methods and credit opportunities, including an alternative compliance path that starts in 2013, an opportunity to average, bank, and trade credits, as well as recognition of advanced technologies and early

11

credits.  The proposed California regulation incorporates these same

compliance methods and credit opportunities.

Since its December 2013 hearing on the California regulation, ARB has

been following the rulemaking requirements under California's

Administrative Procedure Act and anticipates submitting the final

rulemaking action to California's Office of Administrative Law in October

2014.  ARB also plans to request an effective date for the regulation in

October 2014 and thus anticipates that the regulation will be in effect well

before this case is argued, let alone decided.[4]

## B.  Vacating EPA's Truck Rule Will Not Redress Delta's Alleged Injuries

Assuming the proposed regulation is finalized as currently anticipated,

invalidating the Truck Rule will not redress the injuries Delta alleges.  *See*

*Chamber of Commerce of U.S. v. EPA*, 642 F.3d 192, 206 (D.C. Cir. 2011)

("[A]utomobile manufacturers will have to comply with the national

standards whether we vacate the [decision allowing state standards] or not.")

Any alleged injury Delta has sustained or will sustain through compliance

with the Truck Rule will continue even if that rule is struck.  Indeed,

---

[4] The States will notify the Court when California's regulation goes
into effect.

12

vacating the Truck Rule would result in California businesses, such as Delta, being subject to California's regulation while, in the absence of a national standard, competitors in some other States might be exempt from any standard at all.  The Delta Petitioners lack standing.

### III.  DELTA'S CLAIM OF PROCEDURAL ERROR FAILS

Delta claims that EPA failed to make the proposed Truck Rule and related information available to the Science Advisory Board under 42 U.S.C. § 4365(c)(1).  This procedural challenge fails for at least two reasons:  1) the requirements of the Science Advisory Board statute were not triggered here; and 2) even if Petitioners' claim of procedural error had merit, Petitioners cannot show that the alleged error warrants invalidation of the Truck Rule.

### A.    Review By The Office of Management & Budget Under Executive Order 12866 Is Not "Formal Review" Under The Science Advisory Board Statute

The Science Advisory Board statute provides that the EPA Administrator shall make certain proposed rules (and related information) available to the Science Advisory Board ("Board") when those proposed rules are "provided to any other Federal agency for formal review and comment."  42 U.S.C. § 4365(c)(1).  Delta asserts that EPA's submission of its proposed Truck Rule to the Office of Management and Budget ("OMB") pursuant to Executive Order 12866 constituted providing the Truck Rule "to

13

any other Federal agency for formal review and comment." Delta is mistaken, as the text and structure of the Science Advisory Board statute reveal.

Under the statute, the EPA Administrator may request the Board's scientific advice at any time. 42 U.S.C. § 4365(a). In section 4365(c)(1), however, Congress identified a subset of EPA actions for which EPA *must* make specified information available to the Board. That subset of actions is defined as "proposed criteria document[s], standard[s], limitation[s], or regulation[s]" that are "provided to any other Federal agency for formal review and comment." 42 U.S.C. § 4365(c)(1). In other words, although EPA generally has discretion in choosing when to seek the Board's scientific advice, Congress pre-determined that the Board's advice might be particularly warranted or useful with respect to the proposed regulations defined in section 4365(c)(1). The phrase "provided to any other Federal agency for formal review and comment" must be read in that context. *See, e.g.*, *Johnson v. United States*, 559 U.S. 133, 139 (2010) ("Ultimately, context determines meaning….").

As EPA notes, OMB review is not "formal," as the Executive Order specifies no procedures or practices for that review. *See* Res. Br. at 67-68; *see also* Black's Law Dictionary (9th ed. 2009) (defining "formal" as

14

"[p]ertaining to or following established procedural rules, customs, and practices"). Moreover, because the Board has scientific expertise and was established to provide scientific advice, section 4365(c)(1)'s requirements are best understood as applying to the subset of EPA actions most likely to require such expertise and advice. Thus, it makes sense to interpret the "formal review and comment" of "other Federal agenc[ies]" as referring to EPA actions that are likely to involve formal scientific conflict between expert agencies. No such scientific conflict can result from OMB's review under Executive Order 12866. OMB reviews proposals from a management and budgetary perspective for consistency with applicable law and with the President's priorities, not for scientific merit. *See* 58 Fed. Reg. 51,735 (Sept. 30, 1993) (Exec. Order 12866).

The Board's role when section 4365(c)(1) is triggered is to provide "advice and comment on the adequacy of the scientific and technical basis" of EPA's proposal. *See* 42 U.S.C. § 4365(c)(2). That advice and comment could very well be important where there is potential for scientific conflict between EPA and another expert agency. It is not relevant to OMB's review under Executive Order 12866. Section 4365(c)(1) cannot be understood as referring to the circumstances here, and Petitioners' claim fails.

**B.    Petitioners Cannot Meet The Applicable Standard For This Alleged Procedural Error**

Even if there were any merit to Delta's interpretation of the Science Advisory Board statute's procedures, Petitioners' claim would still fail. Delta has not shown that the alleged failure to make certain materials available to the Board was "so serious and related to matters of such central relevance to the rule that there is a substantial likelihood that the rule would have been significantly changed" if EPA had provided the materials to the Board. *See* 42 U.S.C. § 7607(d)(8); *see also* Res. Br. at 71-77.

Petitioners' contentions that a different standard of review applies to their procedural claim must be rejected. Under this Court's longstanding precedent, the Clean Air Act's standard of review governs alleged procedural errors under the Science Advisory Board statute. *American Petroleum Inst. v. Castle*, 665 F.2d 1176, 1187-88 (D.C. Cir. 1981). That precedent was confirmed as recently as two years ago in a case very similar to this one. *Coalition for Responsible Regulation*, 684 F.3d at 124. In that recent case, petitioners sought to overturn an EPA greenhouse gas emissions standard for motor vehicles on the ground that EPA failed to make regulatory materials available to the Science Advisory Board. *Id.* This

16

Court rejected the argument and reaffirmed that the "central relevance" standard of section 7607(d)(8) applies. *Id.*

Delta's argument that these cases conflict with canons of statutory interpretation from the Supreme Court's 1986 decision in *Parson Steel, Inc. v. First Alabama Bank*, 474 U.S. 518 (1986), is wholly without merit. *See* Pet. Br. 63-65. *Parson Steel* did not alter the legal landscape that existed in 1981 when this Court decided *American Petroleum Institute*. Rather, *Parson Steel* rearticulated an existing "cardinal principle of statutory construction that repeals by implication are not favored, … and whenever possible, statutes should be read consistently." *Id.* at 524 (internal quotations and citations omitted).

Further, the principle articulated in *Parson Steel* undermines, rather than supports, Petitioners' arguments. Delta's argument essentially boils down to a claim that the Science Advisory Board statute's silence as to standards of review trumps any standard Congress expressly establishes in substantive statutes such as the Clean Air Act. In other words, it is Delta's statutory interpretation that leads to implied repeal and inconsistency and, thus, conflicts with *Parson Steel*. In contrast, it creates no inconsistency for this Court to honor Congress' express intent that EPA's Clean Air Act

17

actions should not be invalidated lightly on procedural grounds. *See* 42 U.S.C. § 7607(d)(8).

Finally, and significantly, Delta has not established "a substantial likelihood" that the Truck Rule "would have been significantly changed" if EPA had acted as Petitioners claim it should have. *See* 42 U.S.C. § 7607(d)(8). Indeed, Delta fails to identify any aspect of the Truck Rule that meets this or any other standard for procedural error. After EPA makes its proposal available to the Science Advisory Board, the Board may offer "its advice and comments on the adequacy of the scientific and technical basis" of the proposal. 42 U.S.C. § 4365(c)(2). Petitioners neither challenge the scientific or technical adequacy of the Truck Rule themselves nor identify any aspects of the rule on which the Science Advisory Board might have offered advice or comment. As EPA notes, the science and the technologies involved in the Truck Rule are well established, as further confirmed by California's adoption of virtually identical standards. *See* Res. Br. at 72-74.

## CONCLUSION

The States respectfully request that the Court deny the petitions.

Dated:  October 2, 2014                    Respectfully submitted,


                                           KAMALA D. HARRIS
                                           Attorney General of California
                                           ROBERT W. BYRNE
                                           Senior Assistant Attorney General

                                           */S/ M. ELAINE MECKENSTOCK*
                                           M. ELAINE MECKENSTOCK
                                           Deputy Attorney General
                                           *Attorneys for Movant-Intervenor*
                                           *State of California by and through*
                                           *the California Air Resources Board*



LISA MADIGAN                               THOMAS J. MILLER
Attorney General                          Attorney General

MATTHEW J. DUNN                            DAVID R. SHERIDAN
GERALD T. KARR                             Assistant Attorney General
JAMES P. GIGNAC                            Environmental Law Division
Assistant Attorneys General               Lucas State Office Building
69 West Washington St., Suite 1800         321 E. 12th Street, Ground Flr.
Chicago, IL  60602                         Des Moines, IA 50319
(312) 814-0660                             (515) 281-5351
*Attorneys for Movant-Intervenor*          *Attorneys for Movant-Intervenor*
*State of Illinois*                        *State of Iowa*


19

DOUGLAS F. GANSLER
Attorney General

ROBERTA JAMES
Assistant Attorney General
Office of the Attorney General
Maryland Department of the
Environment
1800 Washington Blvd., Suite 6048
Baltimore, MD  21230
(410) 537-3748
*Attorneys for Movant-Intervenor
State of Maryland*

ERIC T. SCHNEIDERMAN
Attorney General

BARBARA D. UNDERWOOD
Solicitor General
BETHANY DAVIS NOLL
Assistant Solicitor General
MICHAEL J. MYERS
Assistant Attorney General
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 402-2594
*Attorneys for Movant-Intervenor
State of New York*

MARTHA COAKLEY
Attorney General

CAROL IANCU
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA  02108
(617) 963-2428
*Attorneys for Movant-Intervenor
Commonwealth of Massachusetts*

ELLEN F. ROSENBLUM
Attorney General

PAUL A. GARRAHAN
Acting Attorney-in-Charge
Natural Resources Section
Oregon Department of Justice
1515 SW Fifth Avenue, Suite 410
Portland, OR  97201
(971) 673-1943
*Attorneys for Movant-Intervenor
State of Oregon*

WILLIAM H. SORRELL
Attorney General

THEA J. SCHWARTZ
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186
*Attorneys for Movant-Intervenor*
*State of Vermont*

MICHAEL A. CARDOZO
Corporation Counsel

CHRISTOPHER GENE KING
CARRIE NOTEBOOM
Assistant Corporation Counsel
100 Church Street
New York, NY  10007
(212) 788-0771
*Attorneys for Movant-Intervenor City*
*of New York*

ROBERT W. FERGUSON
Attorney General

LESLIE R. SEFFERN
Assistant Attorney General
Washington State Office of the
Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6770
*Attorneys for Movant-Intervenor*
*State of Washington*

**CERTIFICATE OF COMPLIANCE**

I certify that the attached BRIEF OF MOVANT-INTERVENOR STATES OF

CALIFORNIA, ILLINOIS, IOWA, MARYLAND, MASSACHUSETTS, NEW

YORK, OREGON, VERMONT, AND WASHINGTON AND THE CITY OF

NEW YORK uses a 14 point Times New Roman font and contains 3,698 words in

compliance with this Court's order of February 4, 2014 granting Movant-

Intervenors an aggregate of 8,750 words to be shared between their two briefs.


Dated:  October 2, 2014                   KAMALA D. HARRIS
                                          Attorney General of California
                                          ROBERT W. BYRNE
                                          Senior Assistant Attorney General

                                          */S/ M. ELAINE MECKENSTOCK*
                                          M. ELAINE MECKENSTOCK
                                          Deputy Attorney General
                                          *Attorneys for Movant-Intervenor State*
                                          *of California by and through the*
                                          *California Air Resources Board*

## CERTIFICATE OF SERVICE

| Case Name: | **Delta Construction Co., Inc. v. EPA** | No. | **11-1428 (and consolidated cases)** |
|---|---|---|---|

I hereby certify that on <u>October 2, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**BRIEF OF MOVANT-INTERVENOR STATES
OF CALIFORNIA, ILLINOIS, IOWA, MARYLAND,
MASSACHUSETTS, NEW YORK, OREGON,
VERMONT, AND WASHINGTON
AND THE CITY OF NEW YORK**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 2, 2014</u>, at Oakland, California.

| M. Elaine Meckenstock | /S/ |
|---|---|
| Declarant | Signature |