ORAL ARGUMENT SCHEDULED FOR JANUARY 9, 2015

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DELTA CONSTRUCTION COMPANY, ET AL., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY, ET AL., )<br>)<br>Respondents. ) | Case No. 11-1428<br>(and consolidated cases) |

**PETITIONER POP DIESEL'S CORRECTED OPPOSITION TO PETITIONER DELTA CONSTRUCTION CO., INC., ET AL.'S <u>MOTION TO EXTEND THE HEARING DATE</u>**

Petitioner Plant Oil Powered Diesel Fuel Systems, Inc. ("POP Diesel"), by its General Counsel, states as its corrected opposition to the motion of co-petitioners Delta Construction Co., Inc., et al. (together "Delta Construction") to extend the hearing date as follows:

1. Delta Construction seeks a sixty-day extension of the scheduled date of January 9, 2015 for oral argument because its lead counsel has not yet recuperated from open heart surgery conducted in early June 2014. It offers this counsel's declaration as evidence in support. While POP Diesel does not mean to

1

diminish the gravity of the health condition of co-petitioner's counsel and it wishes him a speedy and full recovery, POP Diesel notes that Delta Construction's lead counsel is not a medical professional.  Therefore, he is not qualified to render a medical opinion to this Court and this Court need not pay it heed.  Furthermore, his incomplete lay opinion leaves medical questions open as to why he could not accommodate the disability prompting Delta Construction's motion by traveling across the United States by ground transport, such as passenger train.

2. The specific medical condition that Delta Construction's lead counsel complains of is a disability that would require him to "fly across the continent on a six-plus-hour flight in a pressurized airplane cabin with limited opportunity for mobility, which I understand may result in short-term or long-term damage, or a deferral of a full recovery, and which may impact my ability to effectively represent the California Petitioners at the hearing." Declaration of Theodore Hadzi-Antich ("Hadzi-Antich Declaration"), first paragraph ("¶") 5, attached to Delta Construction's motion.  Doc. 1525004.  However, it is not clear why this disabled lawyer could not travel to Washington, D.C. either by ground transport, such as passenger train or automobile, which would not require use of a pressurized cabin and which would afford an opportunity for stretching and periodic mobility.  Undersigned counsel recently drove from Albuquerque, New

Mexico to Washington, D.C. in three days. Ground transport from Sacramento, California, where Delta Construction's counsel is located, could be accomplished in four days, fewer with a second driver or by passenger train.

3.  Delta Construction previously moved for, and the Court granted it over POP Diesel's objection noted in that motion, a ninety day extension of time for the petitioners to file their joint reply. Order dated June 20, 2014 (Doc. 1498810) (granting Delta Construction's motion filed the day before, Doc. 1498569). In support of Delta Construction's instant motion, Mr. Hadzi-Antich states that the earlier motion was "to allow me to recover sufficiently to work on the case on behalf of [Delta Construction]." Hadzi-Antich Declaration, ¶ 3. However, Delta Construction's first motion seemed to represent to the Court that ninety days would be sufficient time for him to make a full recovery, not simply, for him to be able to do some work on these cases:[1]

---

[1] As set forth in POP Diesel's response to Delta Construction's second motion to split their briefing, filed herewith, POP Diesel believes that at least part of the reason why Delta Construction filed that motion is due to its lead counsel's continuing disability, his inability to handle the rigors of appellate litigation at this time, including (a) assembly of a joint appendix requiring the acceptance of input from co-petitioners' counsel in the days leading up to the filing deadline and (b) the simple grant of consent for his signature to appear on the final petitioners' joint opening brief, as filed by co-petitioners' counsel

3

> Fortunately, Mr. Hadzi-Antich has an excellent prognosis. He is expected to make a full recovery. However, he is required, under doctor's orders, to avoid stress and physical activity for a period of three months.

Declaration of Delta Construction's supervisory counsel M. Reed Hopper ("Mr. Hopper"), ¶ 4 (attached to Delta Construction's motion to extend the briefing schedule, Doc. 1498569). It is unclear, if the Court grants Delta Construction's instant motion seeking to add sixty days to the ninety-day delay in reaching the merits that it already occasioned, whether sixty more days will even be sufficient for Mr. Hadzi-Antich's full recovery and ability to fly to the oral argument.

    4. POP Diesel has requested that this Court remand and vacate the Truck Rule at stake in these petitions for review for several fundamental reasons going to their very heart. For one, the statutory goal of the Clean Air Act at issue pursuant to the Greenhouse Gas Emissions Standards in these cases, after respondent the U.S. Environmental Protection Agency made its finding that anthropomorphic greenhouse gas accumulation endangers human health and welfare, is "to *slow* or *reduce*" global warming. Massachusetts v. EPA, 549 U.S. 497, 525 (2007) (emphasis supplied). POP Diesel presented to the two respondent federal agencies and to this Court evidence, still unrebutted, that the Fuel Efficiency Standards at issue will perversely cause an increase in the rate of

4

greenhouse gas emissions of between 117 and 1,409 percent.[2] Declaration of Dr. Harry Saunders dated Feb, 12, 2012, ¶¶ 62-64 (version with correction on signature page printed in POP Diesel's Supplemental Appendix, Vol. 1 (Doc. 1486925), at 261-62; uncorrected version in POP Diesel's Addendum, Vol. 1 (Doc. 1486926), at 317-318).  The American people and our atmosphere have already waited ninety days extra on account of the recuperation of Delta Construction's lead counsel for the Court to consider this evidence, weighed against the standard of whether the Truck Rule is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  42 U.S.C. § 7607(d)(9), 5 U.S.C. § 706.  An additional sixty-day delay, for the same reason as before, is intolerable.

5.     For reasons set forth in its briefs, in particular, in the standing argument contained in its Reply Brief, POP Diesel suffers grievous injury the longer the Truck Rule remains on the books.  POP Diesel's Reply Brief (Doc. 1523889).

6.     Mr. Hadzi-Antich has done a commendable job, and accomplished the yeoman's task, of writing his clients' reply brief while recovering from major

---

[2]This result is due to the embedded energy indirect rebound effect, which the respondent agencies did not take into account, in addition to and as distinct from the vehicle-miles-traveled direct rebound effect that they took into account.

5

surgery. Delta Construction has supervisory counsel, Mr. Hopper, who entered an appearance at the start of these cases and handled matters while Mr. Hadzi-Antich was fully incapacitated. In many courts, such secondary counsel would be held responsible for the entirety of the case, in the absence of lead counsel. Upon information and belief, the Delta Construction petitioners, a collection of associations and businesses in the California construction industry, also have the means to hire outstanding appellate counsel to represent their interests at oral argument, if need be. Upon information and belief, Delta Construction's claims about respondent the U.S. Environmental Protection Agency's Science Advisory Board and its challenge to the standing of some of the movant-intervenors involve principally legal arguments that do not require detailed knowledge of factual matters. The scheduling of an appellate oral argument need not depend on the presence of the lawyer who wrote the brief under these circumstances.

7. With all due respect to Mr. Hadzi-Antich, Rule 1.16(a)(2) of the Rules of Professional Conduct of the District of Columbia Bar states in relevant part:

> [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
>  (2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.

6

Like POP Diesel, Delta Construction seeks to vacate and remand the regulations subject to these petitions for review.  Presumably, its interest would lie in doing so sooner, rather than later.  If counsel is physically unable to attend oral argument, then he has a "physical condition [that] materially impairs [his] ability to represent the client."  The correct course for Delta Construction's physically impaired lead counsel is to withdraw from the representation, rather than ask this Court to sanction his conflict of interest and impose on the American people, our atmosphere, and POP Diesel any extension of these regulations past this Court's ruling following a hearing on the presently scheduled date of January 9, 2015.

8.   There is another case of Delta Construction's, Case No. 13-1076, to which POP Diesel is not a party, which this Court has ordered be coordinated with the instant cases for briefing and oral argument.  Doc. 1478250.  The aforementioned ethical duty and practical considerations apply to Delta Construction's lead counsel in that case, as well as in the instant cases, regardless of whether all the other parties to that case have consented to Delta Construction's additional, sixty-day extension of time.  POP Diesel submits that any delay in this Court's hearing the merits after the scheduled date of January 9, 2015 is unwarranted and contrary to law, based on the submission of Delta Construction.

## **Conclusion**

POP Diesel requests that this Court deny Delta Construction's motion.

Respectfully submitted,

Petitioner Plant Oil Powered
Diesel Fuel Systems, Inc.,
by its General Counsel

_____/ s / *Claude D. Convisser*_____
Claude D. Convisser
President & General Counsel
Plant Oil Powered Diesel Fuel Systems, Inc.
P.O. Box 6397
Santa Fe, New Mexico 87502
tel. 505-310-3840
fax 866-239-7527
cdc@popdiesel.com

## **CERTIFICATE OF SERVICE**

I certify that on this 5th day of December, 2014, I caused this document to be served electronically by the Court's CM/ECF system on all counsel of record in these cases.

I further certify that on December 5, 2014, I caused to be served by first class, U.S. mail, postage prepaid, a true and accurate copy of this document on the following:

> William H. Sorrell
> Office of the Attorney General
> State of Vermont
> 109 State Street
> Montpelier, Vermont 05609-1001.

                                  / s / *Claude D. Convisser*
                                    Claude D. Convisser