ORAL ARGUMENT SCHEDULED FOR JANUARY 9, 2015

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DELTA CONSTRUCTION COMPANY, ET AL., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY, ET AL., )<br>)<br>Respondents. ) | Case No. 11-1428<br>(and consolidated cases) |

### PETITIONER POP DIESEL'S RESPONSE TO PETITIONER DELTA CONSTRUCTION CO., INC., ET AL.'S <u>SECOND MOTION TO SPLIT THEIR BRIEFING</u>

Petitioner Plant Oil Powered Diesel Fuel Systems, Inc. ("POP Diesel"), by its General Counsel, states as its response to co-petitioners Delta Construction Co., Inc., et al.'s (together "Delta Construction") second motion to split their briefing ("Delta Construction's motion", Doc. 1524130) as follows:

### Introduction

Delta Construction's motion (1) is unnecessary; (2) is designed to have this Court ignore or strike the corrections identified in POP Diesel's two Errata to the petitioners' opening briefing properly filed with this Court; (3) maligns POP Diesel with mis-statements; (4) is due to difficulties of Delta Construction's own

manufacture; and (5) is seemingly, partially calculated to secure a postponement opposed by POP Diesel in the date scheduled of January 9, 2015 for oral argument so that its lead counsel, who is still suffering from a disability, will have more time to recuperate from his surgery that already led to a ninety-day delay in the briefing schedule.

Given the foregoing factors, which POP Diesel presents in greater detail below, POP Diesel requests that this Court rely on the Final Petitioners' Joint Opening Brief filed by POP Diesel as POP Diesel's final opening brief. Doc. 1523892. POP Diesel does not object to the Court's relying on the Final Opening Brief that Delta Construction offers the Court by way of its motion, although as the next section of this memorandum sets forth, such a measure is unnecessary and the Court is safe in relying fully on the Final Petitioners' Joint Opening Brief filed by POP Diesel with regards to both set of petitioners. Doc. 1486923.

1.     **Delta Construction's Motion Is Unnecessary.**

Rather than flipping between different petitioners' final opening briefs, as Delta Construction proposes, the Court is safe in relying on the Final Petitioners' Joint Opening Brief filed by POP Diesel as Delta Construction's Final Opening Brief, even though Delta Construction's counsel, contrary to this Court's briefing order requiring petitioners to file a joint opening brief, forbade his signature from

appearing on it. Order of Feb. 4, 2014 (Doc. 1478223) ("the Court's Briefing Order"). The Final Petitioners' Joint Opening Brief filed by POP Diesel contains, with one minor exception that Delta Construction did not object to,[1] all of Delta Construction's portions of the Petitioners' Joint Opening Brief filed on April 3, 2014 ("the April 3 Joint Opening Brief", Doc. 1486923), which Delta Construction's counsel did choose to sign. It also contains the entirety of the Final Opening Brief signed and lodged by Delta Construction on November 24, 2014, which is a shorter version of its portions of the April 3 Joint Opening Brief. Doc. 1524133.

## 2. POP Diesel Properly Filed the Final Petitioners' Joint Opening Brief as It Now Stands.

This Court ordered that the petitioners file joint briefs. The Court's Briefing Order. Delta Construction later moved to split the reply briefing, which motion this Court granted over POP Diesel's objection that separate briefing should not be

---

[1] POP Diesel removed one sentence from the Final Petitioners' Joint Opening Brief that the petitioners' counsel had originally put in the remedy section of Delta Construction's portion of the Petitioners' Joint Opening Brief filed on April 3, 2014. POP Diesel moved this sentence to the very end of its Argument in the Final Petitioners' Joint Opening Brief, at page 53. This sentence expressly pertained solely to POP Diesel's request for vacatur. POP Diesel gave notice in its Errata filed on July 22, 2014 that it would move this sentence. Demonstrating that it did not object to movement of this sentence, Delta Construction deleted this sentence from its own, Final Brief presently lodged with the Court. Doc. 1524133, at 30.

3

necessary. Order of Oct. 2, 2014 (Doc. 1515126); POP Diesel's opposition to Delta Construction's motion to split briefing (Doc. 1505529).

For the reasons stated in POP Diesel's motion for leave to file a reply addendum and a supplemental appendix to the appendix filed by Delta Construction on November 17, 2014, which motion is unopposed, POP Diesel gave notice therein that, in compliance with the Court's order for the petitioners to file a joint opening brief, it would take the lead in making their final, joint filing. Doc. 1522754). Delta Construction's response, in defiance of the Court's order to file a joint opening brief, was to send two email messages stating that POP Diesel was not authorized to make any filing on its behalf. In filing the Final Petitioners' Joint Opening Brief without the signature of Delta Construction's counsel, POP Diesel did not make any changes to Delta Construction's portions of the April 3 Joint Opening Brief, with the single, unopposed exception stated in footnote 1 supra.

Rather than acknowledge that the Final Petitioners' Joint Opening Brief filed by POP Diesel on November 21, 2014 includes the identical contents of Delta Construction's opening briefing, Delta Construction lodged its own Final Opening Brief, subject to its motion filed on November 24. Delta Construction asked, as an alternative remedy to the Court's granting its motion and accepting its

own, separate Brief, that this Court rely on Delta Construction's portions of the April 3 Joint Opening Brief.

POP Diesel opposes resort to the April 3 Joint Opening Brief because it will confuse the Court. The April 3 Joint Opening Brief includes mistakes that POP Diesel registered with the Court and the parties by filing two Errata, one on July 22, 2014 (Doc. 1503904)[2] and a second one on November 21, 2014 (Doc. 1523894). On July 22, 2014, during a lull in the briefing occasioned by this Court's granting Delta Construction's motion for a ninety-day delay in the briefing schedule to accommodate its lead counsel's surgical recuperation, POP Diesel filed a motion for leave to file a corrected brief, which motion included a request for leave to file a declaration supporting POP Diesel's standing. The Court denied that motion without prejudice to the merits panel's discretion to grant POP Diesel leave to file a standing declaration. Order of Oct. 2, 2014 (Doc. 1515126).

POP Diesel believes that it had every right to make the changes to its portions of the Final Petitioners' Joint Opening Brief stated in its Errata. The

---

[2]Before filing its Errata on July 22, 2014, POP Diesel's counsel notified lead counsel of record by email messages sent on May 5 and 12, 2014 of changes to the wording of the standard of review that it intended to make in subsequent briefing. These changes imposed a more difficult standard of review burden on POP Diesel, but were in keeping with established caselaw. These email messages did not elicit any objection or comment from any other party or counsel.

Court's order denying POP Diesel's motion for leave to file a corrected brief and a standing declaration quoted the restrictions on changing briefs stated in the Court's <u>Handbook of Practice and Internal Procedures</u>. Order of Oct. 2, 2014 (Doc. 1515126). However, this Order omitted mention of any consideration by the Court, prior to its ruling, of POP Diesel's Errata filed previously on July 22, 2014. Order of Oct. 2, 2014 (Doc. 1515126).

POP Diesel's motion for leave to file a corrected brief, including a standing declaration ("POP Diesel's motion"), had not elicited from any party specific objection to the corrections POP Diesel proposed to make to its portion of the April 3 Joint Opening Brief, as set forth in POP Diesel's Errata filed July 22, 2014.[3] The respondents' opposition to POP Diesel's motion focused on POP Diesel's request to file a standing declaration, which request the Court denied without prejudice. Doc. 1570439. Delta Construction's first motion to split the briefing complained that POP Diesel's motion was "improper and inappropriate," without stating specifically why, but in context, the reason seemed to be because POP Diesel had not consulted with Delta Construction's supervisory counsel before filing the motion. Doc. 1505439, at 1.

---

[3]POP Diesel did not include in the Final Petitioners' Joint Opening Brief a sentence from its Errata filed on July 22, 2014 referring to its standing declaration, the filing of which declaration the Court denied without prejudice.

6

Neither Delta Construction nor any other party has moved to strike POP Diesel's final briefing or its Errata or any portion thereof. Delta Construction could have so moved, while also authorizing its counsel's signature to appear on the Final Petitioners' Joint Opening Brief filed by POP Diesel, thereby obviating the need for it to defy the Court's Briefing Order by presumptively filing its own, separate final opening brief. Instead, it chose to create the bigger issue of separate briefing while moving in tandem to defer oral argument for the benefit of its impaired lead counsel.

As a courtesy requested by Delta Construction, before inserting the corrections stated in POP Diesel's Errata into the Final Petitioners' Joint Opening Brief, POP Diesel inquired of the Clerk's Office whether it would be appropriate to make the changes set forth therein. Deputy Clerk John Accursio examined the docket of these cases and informed the undersigned counsel on October 29, 2014 that it has been common custom in this Court for parties to file errata and make the changes stated therein in their final briefs without leave of the Court.[4] While

---

[4]Delta Construction's motion recites the opinion of another, unnamed member of the Clerk's Office, that POP Diesel's corrections "may well" cause the Court to reject the Final Petitioners' Joint Opening Brief. Delta Construction's motion, at 3. Delta Construction's lead counsel Theodore Hadzi-Antich has stated to the undersigned counsel several times that his office has its own "in" with the Clerk's Office.

7

obviously, Deputy Clerk Accursio was not in a position to pass judgment or give legal advice, he told undersigned counsel that POP Diesel would not be out of bounds in doing the same in these cases.

### 3. Delta Construction's Motion Contains Inaccuracies That Unduly Malign POP Diesel's Handling of the Briefing and Tend to Mislead the Court About the Petitioners' Relative Conduct.

Delta Construction's motion contains the following exaggerations and mis-statements that tend to mislead the Court about the petitioners' relative conduct:

A. "Since [] July 2 *[sic]*, 2014 [],[5] Delta Construction used best efforts to file a Joint Appendix with POP Diesel." Delta Construction's motion, at 2. As set forth in the next section of this memorandum, Delta Construction did not use "best efforts" or even demonstrate good faith. It took control of filing the Joint Appendix on behalf of the petitioners and it is solely responsible for the filing of only a partial Joint Appendix, which caused POP Diesel to have to move for leave to file a Supplemental Appendix to it.

B. "All parties other than POP Diesel agreed to the filing of the Joint Appendix." Delta Construction's motion, at 1. In fact, the other parties did not take a position on Delta Construction's filing of a partial Joint Appendix that pro-

---

[5]Delta Construction is here referring to its motion filed on July 31, 2014 (Doc. 1505439). Delta Construction's motion, at 1-2.

8

actively excluded POP Diesel's copies of documents. Certainly, when POP Diesel circulated an email asking whether any other counsel consented to Delta Construction's intended unilateral filing, nobody responded in the affirmative.

    C.    "POP Diesel filed and subsequently rescinded what it designated as its errata to the Joint Appendix." Delta Construction's motion, at 2. This is not true. POP Diesel has not withdrawn its Errata to the Appendix filed by Delta Construction on November 17, 2014 ("Joint Appendix"). Doc. 1522761. POP Diesel withdrew a separate notice it filed to correct mistakes that Delta Construction made when Delta Construction electronically filed POP Diesel's Supplemental Appendix, Volume 1 and POP Diesel's Addendum, Volume 1 on April 3, 2014 (Doc. 1522757).[6] Delta Construction forced POP Diesel to file on November 17, 2014 an Errata to Delta Construction's Joint Appendix, which Errata remains validly filed, because Delta Construction refused to make changes

---

[6]Delta Construction had broken these electronic documents into multiple, smaller parts, which was completely unnecessary due to their size of less than 50 megabytes, and it then printed and inserted incorrect titles on the cover pages of the second and subsequent parts of the electronically filed copies of these two documents. POP Diesel withdrew its notice of corrected filing for the sole reason that the Clerk's Office would not accept corrections to the electronic versions without also requiring paper copies, which paper copies would have been redundant of the existing, filed paper copies. Delta Construction's counsel stated it filed the paper copies as unitary documents with the correct titles on them. POP Diesel's counsel, based in New Mexico, will verify this proffer in person at the Clerk's Office when he is in Washington, D.C. next week.

9

to the draft of the Joint Appendix that it showed POP Diesel for review, changes that POP Diesel timely requested of Delta Construction. Doc. 1522761.

    D.    "[W]eeks ago Delta Construction engaged in discussions with POP Diesel regarding the joint final opening brief." Delta Construction's motion, at 2. In fact, after Delta Construction's lead counsel never contacted POP Diesel's counsel following his recuperation from surgery, POP Diesel's counsel initiated a phone conference to discuss the Joint Appendix and Final Petitioners' Joint Opening Brief, which teleconference these counsel conducted on Tuesday, October 28, 2014. Delta Construction's lead counsel stated in that conversation that that was his very first week back working in the office following his surgery of months earlier. Even so, he insisted on assembling the Joint Appendix, despite his apparent continued disability, as stated in Delta Construction's motion to extend the hearing date filed December 2, 2014. Doc. 1525004.[7]

    E.    "During those discussions, Delta Construction learned that POP Diesel planned to make additions to its portion of the initial joint opening brief." Delta Construction's motion, at 2. In fact, since POP Diesel filed its Errata on

---

[7]Delta Construction's lead counsel continued to insist on assembling and filing the Joint Appendix, even when it became apparent that he was having trouble doing so and POP Diesel's counsel repeatedly offered to take over this task from him.

10

July 22, 2014, Delta Construction's two counsel of record knew, or should have known, of these proposed corrections as of that date.

 F. "[I]nstead of filing an integrated initial joint opening brief, the [April 3 Petitioners' Opening Brief] consisted essentially of two side-by-side briefs filed under the same cover."  Delta Construction's motion, at 1.  In fact, the Court's Briefing Order did not require the petitioners to file "an integrated initial joint opening brief," only a "[j]oint brief."  Doc. 1478223.  The April 3 Joint Opening Brief and its final iteration filed by POP Diesel on November 21 are, in fact, fully compliant with the Court's order that the petitioners file a single opening brief.  The two parties' portions are fully integrated, side-by-side.  POP Diesel regrets that this format does not meet Delta Construction's expectations for their relationship, but in all their communications, Delta Construction never suggested any alternative way for them to organize their joint briefs.

 G. "Joint Petitioners were unable to agree as to strategy, style, format, content, procedure, or, until recently, even costs."  Delta Construction's motion, at 1.  POP Diesel notes that without specific examples, which Delta Construction fails to provide, these generalizations amount to unjustified innuendo.  Delta Construction never proposed any "strategy" on which the petitioners could agree.  Unless Delta Construction can point to anything specific, POP Diesel believes that

11

they have agreed on "style, format, content [and] costs." Their variance with regards to "procedure" may refer to their differences over the filing of errata.[8]

    H.    "Things initially came to a head when" POP Diesel filed its motion for leave to file its portions of a corrected opening brief, including a standing declaration, on July 22, 2014. Delta Construction's motion, at 1. To the contrary, POP Diesel believes that Delta Construction's supervisory counsel became offended when POP Diesel's counsel would not consent to Delta Construction's motion filed on June 19, 2014 for a ninety-day extension of the deadline for the petitioners' to file their joint reply brief to allow Delta Construction's lead counsel time to recover from his surgery. POP Diesel's counsel could not consent to this motion of Delta Construction for reasons stated in its response to the motion. Doc. 1505529, at 2. See also POP Diesel's response to Delta Construction's second motion to split their briefing, filed herewith (giving additional reasons).

    I.    Lastly, Delta Construction complains that POP Diesel filed its motion for leave to file its portions of a corrected opening brief, including a standing declaration, without the knowledge or consent of Delta Construction. Delta

---

[8]POP Diesel wishes that it could afford the resources, either multiple lawyers to review its briefs in advance or the luxury of time for its sole counsel, who also serves as CEO, to perfect them better, so that it did not have to resort to errata.

Construction's motion, at 1. However, in that motion, POP Diesel expressly disclosed to the Court the position of Delta Construction's lead counsel, then on medical leave, that he had a "strong preference" for filing its corrections to the opening brief, if any, at the time of the final briefing. Doc. 1503906, at 5.

### 4. The Need for Split Briefing for Which Delta Construction Requests Special Relief Is of Its Own Fabrication.

Delta Construction allowed a dispute over the Joint Appendix and briefing to arise because its lead counsel is not yet fully fit to resume the rigors of appellate litigation and it now seeks a sixty day extension of the date scheduled for oral argument to allow its lead counsel sixty more days of progress, in addition to the ninety days this Court has already granted him, towards his recovery. See Delta Construction's motion to extend the hearing date, filed December 2, 2014 (Doc. 1525004). See also Order dated June 20, 2014 (Doc. 1498810) (granting Delta Construction's motion filed the day before to extend by ninety days the time for the petitioners to file their joint reply (Doc. 1498569)).

The following facts did not elicit any objection when POP Diesel recited them in its motion for leave to file a reply addendum and a supplemental appendix to Delta Construction's appendix filed November 17. Therefore, the following facts are undisputed.

Delta Construction refused to insert in the Joint Appendix it insisted on

assembling documentary exhibits that POP Diesel designated for inclusion in it. POP Diesel had sent Delta Construction's counsel electronic copies of these documents on Friday November 14 at 2:16 p.m. Pacific time. (Delta Construction's counsel is located in California.). POP Diesel provided these documents as counter-designations in response to the request by the government made on the afternoon of Wednesday, November 16 to include certain other documents that Delta Construction chose to include in the Joint Appendix.[9]

On Friday evening, November 14, Delta Construction provided POP Diesel an electronic draft of the Joint Appendix for review over the weekend, before the Monday, November 17 filing deadline. After reviewing this draft Joint Appendix, POP Diesel requested by email on the afternoon of Sunday, November 16 that

---

[9]The petitioners did not follow Circuit Rule 30(b)'s time frame for designating documents for inclusion in the deferred Joint Appendix because of the following circumstances. First, respondent the U.S. Department of Transportation's ("DOT") did not file a certified index in Case No. 12-1427 until November 14, 2013, 387 days after service of POP Diesel's petition for review on it and 347 days after the deadline set forth in Circuit Rule 17(a). Second, due to omission of key documents served on DOT from DOT's certified index, POP Diesel then had to file a motion to supplement the record, which this Court referred to the briefing and merits panel by the briefing Order dated February 4, 2014. Order of Feb. 4, 2014 (Doc. 1478223) (ruling on POP Diesel's motion, Doc. 1466284). Third, the medical emergency of Delta Construction's counsel, which began his long absence from these cases, occurred within two months of the petitioners' filing of their April 3 Joint Opening Brief. As set forth above, Delta Construction's lead counsel did not return to work at his office until October 27, 2014.

Delta Construction remove seven incorrect POP Diesel exhibits and place-holders for exhibits that Delta Construction had inserted in the draft Joint Appendix, in favor of full and correct copies of POP Diesel's exhibits. The full and correct copies of POP Diesel's exhibits, the ones that POP Diesel had emailed on November 14 at 2:16 p.m. to Delta Construction, are printed in POP Diesel's Supplemental Appendix that is subject to POP Diesel's unopposed motion for leave to file both this Supplemental Appendix and a Reply Addendum. Doc. 1522754.

Delta Construction's counsel replied by email later Sunday afternoon, November 16 stating that he would not make any of the corrections requested by POP Diesel. Despite appeals from POP Diesel on the next morning's filing date, November 17, Delta Construction continued to refuse to include in its Joint Appendix correct copies of the Exhibits 7 to 12 to POP Diesel's Amended and Supplemental Petition for Reconsideration served on the respondent agencies on February 13, 2012. Delta Construction's abject failure to cooperate caused POP Diesel to submit its Supplemental Appendix to the Appendix filed by Delta Construction on November 17 and to move for leave to file this Supplemental Appendix. Doc. 1522754.

It is worth noting that Delta Construction cannot now claim that POP Diesel's changes requested to the draft Joint Appendix were too late or are too substantial, coming as they did on the weekend before the Monday, November 17 filing deadline.  Delta Construction has since let slip the filing of its own separate Final Opening Brief until the late afternoon of the Court's deadline for filing final briefs, 4:50:24 p.m. Eastern time on November 24.  Delta Construction, having seized and held onto the Joint Appendix as its own, simply chose not to accommodate POP Diesel's exhibits, seemingly to lay the path for it to presumptuously lodge its own Final Brief with the Court and then seek an extension of the scheduled date for oral argument for the benefit of its lead counsel, who by his own admission, is still not capable of handling all aspects of his clients' case.

In sum, Delta Construction did not cooperate in good faith with its co-petitioner in assembling a proper Joint Appendix and it made no attempt whatsoever to cooperate in fulfilling the petitioners' duty to sign and file a Final Petitioners' Joint Opening Brief.

## **CONCLUSION**

POP Diesel requests that this Court rely on the Final Petitioners' Joint Opening Brief that it filed on November 21, 2014 as its final opening brief.  Doc.

Doc. 1523892.  In the alternative that the Court orders POP Diesel to file its own, separate brief, POP Diesel requests five days' time to consolidate its portions of the petitioners' opening brief into 10,500 words, or such other number of words as the Court may order.  It also notes that its printer will be closed on December 25 to 26 and from December 31, 2014 through January 2, 2015.

                                                                                                     Respectfully submitted,

                                                                                                     Petitioner Plant Oil Powered
                                                                                                     Diesel Fuel Systems, Inc.,
                                                                                                     by its General Counsel

      / s / *Claude D. Convisser*
Claude D. Convisser
President & General Counsel
Plant Oil Powered Diesel Fuel Systems, Inc.
P.O. Box 6397
Santa Fe, New Mexico 87502
tel. 505-310-3840
fax 866-239-7527
cdc@popdiesel.com

17

## **CERTIFICATE OF SERVICE**

I certify that on this 5th day of December, 2014, I caused this document to be served electronically by the Court's CM/ECF system on all counsel of record in these cases.

I further certify that on December 5, 2014, I caused to be served by first class, U.S. mail, postage prepaid, a true and accurate copy of this document on the following:

> William H. Sorrell
> Office of the Attorney General
> State of Vermont
> 109 State Street
> Montpelier, Vermont 05609-1001.

>         / s / *Claude D. Convisser*
>            Claude D. Convisser