ORAL ARGUMENT CONDUCTED ON JANUARY 9, 2015

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| DELTA CONSTRUCTION COMPANY, ET AL., | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) ) | Case No. 11-1428 (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL., | ) ) ) | |
| Respondents. | ) ) | |

**PETITIONER POP DIESEL'S NOTICE OF ERRATA
TO ITS ORAL ARGUMENT
<u>CONDUCTED ON JANUARY 9, 2015 AND ITS BRIEFS</u>**

Petitioner Plant Oil Powered Diesel Fuel Systems, Inc. ("POP Diesel"), by its General Counsel ("POP Diesel's counsel"), pursuant to Rule 3.3(a)(1) of the Rules of Professional Conduct of the District of Columbia Court of Appeals,[1] states as its notice of errata to its oral argument conducted on January 9, 2015 and its briefs, as follows:

<u>**Correction to Oral Argument**</u>

At the very beginning of his rebuttal oral argument, at 20:50 on the tape

---

[1] "A lawyer shall not knowingly [] fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

recording, in response to the last point made by the respondent U.S. Government's ("the Government") counsel, POP Diesel's counsel stated: "Fuel economy, as far as I am aware, is the same thing as fuel consumption." This statement was erroneous; as explained below, it was mistakenly based on law having to do with light duty vehicles; and a correction is stated below.

POP Diesel's counsel made this false assertion in response to the following statement that the Government's counsel made at the very end of his argument, at 20:10 of the tape recording:

> I note that, in response to the efficiency argument, to the extent the Court gets to that, the agencies address that. If you look at Joint Appendix, at 368 and 386, the agencies did explain that efficiency can be measured by either fuel economy or fuel consumption and reasonably explained why the agencies went to fuel consumption.

The statement of the Government's counsel echoes the Government's statement, at page 386/1-2 of the Joint Appendix, that "the [heavy duty ("HD")] program prescribes fuel consumption standards, not average fuel economy standards."

The correction stated below pertains to POP Diesel's argument that the Tailpipe Rule's measure of "fuel efficiency" by the rate of carbon emitting from the tailpipe, translated into fuel consumption, is contrary to the plain meaning of the term "fuel efficiency" stated in Congress's express mandate to respondent the

2

U.S. Department of Transportation ("DOT"), codified in 42 U.S.C. § 32902(k)(2).[2] This point forms the basis of POP Diesel's zone-of-interests standing, argued to the Court on January 9, that in conjunction with POP Diesel's argument that the Clean Air Act's purpose, as determined by the Supreme Court in Massachusetts v. EPA, requires EPA "to take steps to *slow* or *reduce* [global warming]",[3] thereby requiring calculation of net life cycle greenhouse gas emissions by counting and regulating all upstream greenhouse gas emissions and carbon sequestration, rather than simply tailpipe emissions, there is "'some reason to believe that [POP Diesel] would be [an] *unusually suitable champion*[] of Congress's ultimate goals.'"[4] This point further relates to POP Diesel's Article III standing, which standing is premised on the fact that the Truck Rule's provisions contrary to law prevent POP Diesel's engine equipment from ever achieving certification on new engines,

---

[2]This mandate is to adopt a "commercial [] truck fuel efficiency program" that "achieve[s] the maximum feasible improvement."  42 U.S.C. § 32902(k)(2). See also POP Diesel's Citations to Supplemental Authority dated Dec. 31, 2014 (Document 1529967) (attaching legislative history); Citations to Supplemental Authority dated Jan. 9, 2015 (Document 1531227) (giving dictionary definitions of "efficiency").

[3]549 U.S. 497, 525 (2007).

[4]White Stallion Energy Center v. EPA, 748 F.3d 1222, 1257 (D.C. Cir.), pet'n cert. granted on unrelated question (Nov. 25, 2014) (quoting Hazardous Waste Treatment Council v. EPA, 861 F.2d 277, 283 (D.C. Cir. 1988)) (emphasis supplied).

3

which governmental approval POP Diesel has already won with respect to non-greenhouse gas, criteria emissions from select older engines.

As a matter of statutory construction, POP Diesel agrees with the Government's explanation in the Joint Appendix, at 368/2 and 386/1-2, that Congress has expressly defined "fuel economy" with regards to light duty vehicles to mean "miles per gallon," but that this metric is unsuitable for the commercial trucking sector.  See, e.g., 42 U.S.C. § 32912(b) (authorizing penalties on car manufacturers per 0.1 mile-per-gallon excess).  POP Diesel points out further that the Government's selection of "fuel consumption" to govern the Truck Rule, instead of "fuel economy," fails to give any meaning in the Truck Rule to the term "fuel economy" that Congress included in a subsidiary clause in 42 U.S.C. § 32902(k)(2).  42 U.S.C. § 32902(k)(2) ("and [DOT and EPA] shall adopt and implement ... fuel economy standards").

Correcting the erroneous statement made at oral argument, POP Diesel agrees with the Government, however, that there is and must be a difference between "fuel economy" and "fuel consumption" with regards to the Truck Rule. Joint Appendix, at 368/2.  POP Diesel reiterates the Government's admission that "the [heavy duty] program is built around a fuel consumption metric," Joint Appendix, at 386/1, but POP Diesel concludes this correction by noting that the

4

plain meaning of "fuel efficiency" means that Congress must have intended both it <u>and</u> the subsidiary term "fuel economy" stated in 42 U.S.C. § 32909(k)(2) to mean, in the Truck Rule, fuel energy supplied to the engine per unit of work performed by the engine.

## Corrections to Briefs

POP Diesel notes the following corrections to its Final Opening Brief (Document 1523892):

--    On page 27, third line, in the brief answer paragraph numbered 2, the term "fuel consumption" should be "fuel efficiency."

--    In the last line of page 42, "fuel consumption" should be "fuel efficiency."

--    On Page 43, line 8 and in the second-to-last and last line, "fuel consumption" should be "fuel efficiency."

In POP Diesel's Final Reply Brief (Document 1523889), on page 12, line 5, "fuel consumption" should be "fuel efficiency."

Respectfully submitted,

Petitioner Plant Oil Powered
Diesel Fuel Systems, Inc.,
by its General Counsel

     / s / *Claude D. Convisser*
Claude D. Convisser
President & General Counsel
Plant Oil Powered Diesel Fuel Systems, Inc.
P.O. Box 6397
Santa Fe, New Mexico 87502
tel. 505-310-3840
fax 866-239-7527
cdc@popdiesel.com

## CERTIFICATE OF SERVICE

I certify that on this 11th day of January, 2015, I caused this document to be served electronically by the Court's CM/ECF system on counsel of record registered with that system.

I further certify that on January 12, 2015, I will cause a true and accurate copy of this document to be served by first class, U.S. mail, postage prepaid, on the following:

>William H. Sorrell
>Office of the Attorney General
>State of Vermont
>109 State Street
>Montpelier, Vermont 05609-1001

>      / s / *Claude D. Convisser*
>         Claude D. Convisser